[907 NYS2d 632]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v STEPHEN G. BOZAK, Defendant.

City Court of Troy, September 8, 2010

### APPEARANCES OF COUNSEL

*D. Jeremy Rase*, Esperance, for defendant. *John P. Hicks, Corporation Counsel*, Troy (*Matthew Foley* of counsel), for plaintiff.

### OPINION OF THE COURT

MATTHEW J. TURNER, J.

Defendant seeks dismissal of a traffic ticket which alleges "Talking on Mobile Device While Driving" in violation of section 1225-c (2) (a) of the Vehicle and Traffic Law on May 30, 2010. Defendant argues that his use of a handheld amateur

radio does not fit the definition of a mobile telephone and as such the present charge should be dismissed. The People have not submitted a response in opposition.

The Vehicle and Traffic Law defines "Mobile telephone" as a "device used by subscribers and other users of wireless telephone service to access such service" (Vehicle and Traffic Law § 1225-c [1] [a]). "Wireless telephone service" is defined as "two-way real time voice telecommunications service that is interconnected to a public switched telephone network and is provided by a *commercial mobile radio service*, as such term is defined by 47 C.F.R. § 20.3" (Vehicle and Traffic Law § 1225-c [1] [b] [emphasis added]). A review of 47 CFR 20.3 reveals that Citizens Band Radio Service is defined under *private mobile radio service*, not commercial mobile radio service. Therefore, the court finds that the use of an amateur radio device does not fit the definition of a mobile telephone as defined under the Vehicle and Traffic Law and grants the defendant's motion to dismiss.