OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was convicted of violating Vehicle and Traffic Law § 1225-c (2) (a) by using a handheld amateur radio device while operating his vehicle on a public highway. A person violates this statute when he or she employs a “device used by subscribers and other users of wireless telephone service to access such service” (Vehicle and Traffic Law § 1225-c [1] [a]). Wireless telephone service is defined as a “two-way real time voice telecommunications service that is interconnected to a public switched telephone network and is provided by a commercial mobile radio service, as such term is defined by 47 C.F.R. § 20.3.” (Vehicle and Traffic Law § 1225-c [1] [b].) 47 CFR 20.3 exempts from its definition of commercial mobile radio service such “private” services as citizens band radio, which is distinct from amateur radio services (cf. People v Bozak, 29 Misc 3d 711 [Troy City Ct 2010]), which may function as “voluntary noncommercial communication service[s]” (47 CFR 97.1 [a]). If, as the People contend, amateur radios may be connected to public switched telephone networks, they failed to prove that defendant’s device was so connected, much less to a commercial mobile radio service. Thus, the mere proof that defendant employed a handheld amateur radio device while operating his motor vehicle did not establish his guilt of violating Vehicle and Traffic Law § 1225-c (2) (a) beyond a reasonable doubt.*
Accordingly, the judgment of conviction is reversed, the accusatory instrument dismissed, and the fine, if paid, remitted.
Nicolai, EJ., Tanenbaum and LaCava, JJ., concur.

 We need not determine whether Vehicle and Traffic Law § 1225-d would prohibit the use of the type of communication device employed by defendant in this case, as the incident involved herein occurred prior to November 1, 2009, the effective date of this statute.